**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CHAD PATRICK O'HANDLEY, #296609,

       Petitioner,

v.                                           ACTION NO. 2:05cv113

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner, Chad Patrick O'Handley ("O'Handley"), was convicted by a jury in the Circuit Court of the City of Hampton, Virginia on February 6, 2001, of second degree murder and robbery.[1] O'Handley was sentenced to a serve forty (40) years on the murder

---

[1] O'Handley was represented at trial and during his direct appeals by Thomas W. Carpenter, Esq. The instant petition for a writ of habeas corpus was filed by O'Handley's current counsel, L. Dickerson Bragg, Esq., who also represented him during his state habeas petitions.

charge and thirty (30) years on the robbery charge, for a total of seventy (70) years imprisonment, as reflected in the Court's Sentencing Order of April 17, 2001.

O'Handley filed his petition for appeal in the Court of Appeals of Virginia on August 30, 2001, which denied his petition for appeal initially on November 13, 2001, and then denied it upon motion for reconsideration by a three-judge panel on April 12, 2002. O'Handley appealed that decision to the Supreme Court of Virginia on May 14, 2002, which refused the petition on July 26, 2002. O'Handley did not file a petition for certiorari in the United States Supreme Court.

On June 25, 2003, O'Handley filed a petition for a writ of habeas corpus in the Circuit Court for the City of Hampton. On October 9, 2003, the Court granted Respondent's motion to dismiss the petition and denied the petition on the merits. On January 6, 2004, O'Handley filed a petition for appeal of that decision in the Supreme Court of Virginia. On June 28, 2004, the Court summarily dismissed the petition, finding no reversible error in the lower court's judgment.

On February 25, 2005, O'Handley filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  On April

---

[2] O'Handley remains in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison; the petition was properly filed in pleading form by his counsel, L. Dickerson Bragg, Esq. On March 10, 2005, the Court entered an order acknowledging that the petition was received and filed on February 25, 2005. The

5, 2005, Respondent filed a Rule 5 Answer and Motion to Dismiss accompanied by a brief in support. O'Handley filed a response to Respondent's motion to dismiss, which was received by the Court and filed on April 25, 2005.

## B. Grounds Alleged

O'Handley now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:[3]

>   (a) Petitioner was denied the effective assistance of counsel, in that defense counsel failed to call a critical witness, Jon Wolford, as a witness at trial, or failed to present his statements at trial if the witness was unavailable;
>
>   (b) Petitioner was denied the effective assistance of counsel, in that defense counsel failed to investigate, present, emphasize or argue critical evidence for the defense at trial, including the presence of blood evidence at the crime scene that belonged to Petitioner's son, as well as other blood evidence that could have been subjected to additional testing to determine if it belonged to Petitioner's son;
>
>   (c) Petitioner was denied the effective

---

Court further notes that O'Handley's petition also included, at page thirty-five (35), a request for an evidentiary hearing "to resolve all necessary facts for a determination on the issue of effectiveness of counsel . . . ."

[3]O'Handley notes in the preamble to his petition that, if this Court were to grant him a writ of habeas corpus, he would not be entitled to dismissal of the charges for which he was convicted, and that he would be, at most, entitled to a new trial.

        assistance of counsel, in that defense counsel failed to investigate or object to improper evidence introduced at trial, including the results of the search of Petitioner's home by police as well as leading questions asked by the prosecutor of its own witness, Angela Wolford;

(d) Petitioner was denied the effective assistance of counsel, in that defense counsel failed to investigate certain aspects of the case, including not adequately preparing for the cross-examination of a prosecution witness, Bobby A. Winfree, Jr., and not discovering potentially mitigating evidence to show the jury that Petitioner's father, Michael O'Handley, was mentally and physically abusive;

(e) Petitioner was denied the effective assistance of counsel, in that defense counsel failed to timely move the trial court for an order directing the Commonwealth to disclose discovery and inspection;

(f) Insufficiency of the evidence; and

(g) Abuse of discretion and error by the Circuit Court for the City of Hampton and by the Supreme Court of Virginia, for dismissal of the state habeas petition without holding a hearing on Petitioner's allegations of ineffective assistance of counsel.

O'Handley's state petition for a writ of habeas corpus, filed in the Circuit Court for the City of Hampton on June 25, 2003 and raised on appeal in the Supreme Court of Virginia on January 6, 2004, asserted the very same claims for relief as alleged in the

instant petition,[4] except, of course, for claim (g), which could not have been brought until after the Circuit Court and Supreme Court decided not to grant an evidentiary hearing. The Circuit Court denied the petition on October 9, 2003, dismissing all claims on the merits, and the Supreme Court of Virginia refused the petition for appeal on June 28, 2004, finding no reversible error.

## II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers O'Handley's request for an evidentiary hearing on his ineffective assistance of counsel claims. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8(c) of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES O'Handley's motion for an evidentiary hearing.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

O'Handley's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

---

[4] The Court notes that Respondent admits O'Handley has therefore properly exhausted all of the remedies available to him through the state courts of Virginia. 28 U.S.C. § 2254(b)(1)(A).

> of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ....

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, O'Handley would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus. His conviction became final on October 24, 2002, which was ninety (90) days after the July 26, 2002 refusal of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, infra, O'Handley had until October 24, 2003 to file his federal petition for a writ of habeas corpus. O'Handley did not execute the instant federal petition until February 25, 2005, which was approximately 459 days outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly-filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court.

6

Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))). This tolling provision does not, however, apply to federal habeas petitions. Duncan v. Walker, 533 U.S. 167, 172 (2001).[5]

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly-filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (application was not properly filed and limitation period was not tolled where

---

[5] The Supreme Court in Duncan v. Walker, 533 U.S. 167, 172 (2001), held that a federal habeas petition is not an "application for state post-conviction or other collateral review" within the meaning of § 2244(d)(2) because the word "state" applies to the entire phrase "post-conviction or other collateral review." As such, only state "other collateral review" tolls the limitation period. Id.

fee was not included with filing).[6] On the other hand, an application that complies with such rules governing filings, but which contains claims that are procedurally barred, is still a properly-filed application that tolls the statute of limitations. Bennett, 531 U.S. at 9.

In this case, the record reflects that O'Handley is entitled to toll the one-year statute of limitations for a total of 369 days, which represents the time period during which his petition for a writ of habeas corpus was pending in the state courts (between June 25, 2003, when the state habeas petition was initially filed, through and including June 28, 2004, when the Supreme Court of Virginia refused the petition). It follows, therefore, that O'Handley's federal petition for habeas corpus would have been due to be filed on or before October 27, 2004, and he was approximately 121 days after and outside the limitation period when he executed the petition on February 25, 2005.[7]

---

[6]See also Osborn v. Dotson, 2002 WL 32443533 at *2 (E.D. Va.) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

[7]Measuring from the date of O'Handley's final conviction, October 24, 2002, a total of 244 days elapsed until O'Handley filed his state habeas petition in the Circuit Court for the City of Hampton on June 25, 2003. This left only 121 days remaining on the one-year statute of limitations. The statute of limitations was then tolled for 369 days during the pendency of O'Handley's state

Accordingly, the Court FINDS that the instant petition is time-barred and that it should be DENIED.

### B. **Allegations of Actual Innocence**

In his response to Respondent's Motion to Dismiss, O'Handley does not appear to contest the computations that indicate his petition is time-barred. Instead, O'Handley, citing <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), asserts that "[t]he statute of limitations does not apply to cases asserting actual innocence."[8]

---

habeas petition in the state court, <u>supra</u>. The statute of limitations then began to run again, and it expired 121 days later on October 27, 2004. O'Handley did not file the instant federal petition until another 121 days had passed.

[8]The Court notes that O'Handley grossly overstates the import of that case, which held, <u>inter alia</u>, that a habeas corpus petitioner whose claims have been procedurally defaulted, but who relies on a claim of actual innocence, must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" and "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" upon the discovery of some "new reliable evidence . . . that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324, 327 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). Taken to the extreme, O'Handley's argument would produce the unreasonable result that a petitioner need never be concerned with the running of the statute of limitations, so long as he intends to rely on a claim of actual innocence. This does not accurately state the law. Indeed, the claim of actual innocence is not an invitation for a petitioner to needlessly delay in pursuing his petition for habeas corpus relief. The Court notes that O'Handley has been represented by the same counsel throughout the habeas process, yet there is no explanation anywhere in the petition for the almost eight-month delay between the conclusion of direct review of his habeas petition in the state court and his having filed the instant petition in this Court. Moreover, the Court notes that the verbiage in the state habeas petition is almost identical to that used in the instant petition, except for that portion of the instant petition regarding the state courts' failure to grant an evidentiary hearing on O'Handley's ineffective

9

The Court construes O'Handley to argue that any failure to timely file his federal petition for a writ of habeas corpus should be excused because he is actually innocent, and therefore the statute of limitations should be equitably tolled. Equitable tolling of the limitation period, however, is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

To establish a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Moreover, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

---

assistance of counsel claims. There is no mention of any newly-discovered evidence, or, for that matter, is there any discussion of potentially-new information not already considered by the state courts in denying the state habeas petitions. This further reinforces the notion that the delay in filing the instant petition was not excused or explained by the discovery of new evidence.

Indeed, "[b]ecause such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id. at 324.

In this case, O'Handley's claims of actual innocence rely on the identical claims made in his state habeas petitions; he presents no new or newly-discovered evidence. A mere claim of actual innocence does not constitute an exceptional circumstance sufficient to justify equitable tolling. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Instead, O'Handley's claims focus on the alleged errors committed by his trial counsel during the conduct of the trial and/or the failure to properly prepare the case for trial – each of which were duly considered and rejected by the Circuit Court, under the teachings of Strickland v. Washington, 466 U.S. 668 (1984), as "tactical decisions" by trial counsel and that were, at best, "speculative and conclusory" as to the impact such decisions would have had on the verdict at trial. There has been no showing that any newly-discovered evidence or information exists that would satisfy the "new reliable evidence" standard set forth in Schlup, supra. Further, even assuming such evidence did exist, O'Handley fails to show any circumstances, attributable to Respondent or any other external cause, which prevented him, in the exercise of due diligence, from discovering any such new, reliable and relevant facts soon enough for him to file a timely federal habeas petition. See Flanders v. Graves, 299 F.3d 974, 977-78 (8th

Cir. 2002); <u>Workman v. Bell</u>, 227 F.3d 331, 342 (6th Cir. 2000) ("[I]f a prisoner purposefully or by inadvertence lets the time run under which he could have filed his petition, he cannot file a petition beyond the statutory time, even if he claims 'actual innocence.'").

As such, the Court FINDS that O'Handley has failed to allege sufficient facts to demonstrate extraordinary circumstances that were beyond his control or external to his own conduct, and which prevented him from timely filing a federal habeas petition in this Court.  Accordingly, the Court FINDS that O'Handley is not entitled to equitable tolling of the statute of limitations and that the petition is time-barred.

### IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court, having denied O'Handley's motion for an evidentiary hearing, recommends that O'Handley's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of O'Handley's claims be DISMISSED WITH PREJUDICE.

### V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of

this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

```
                                            /s/
                                      F. Bradford Stillman
                                      United States Magistrate Judge
```

Norfolk, Virginia

January 31, 2006

13

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

    Laurence Dickerson Bragg, Esq.
    St. Clair & Bragg
    2317 East Little Creek Road
    Norfolk, Virginia 23518-3205

    Margaret W. Reed, Esq.
    Assistant Attorney General
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219

                                    Elizabeth H. Paret, Clerk

                          By:   _____
                                  Deputy Clerk

                                  January    , 2006