```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

CHAD PATRICK O'HANDLEY, #296609,

      Petitioner,

v.                                              ACTION NO. 2:05cv113

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

<u>FINAL ORDER</u>

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The instant petition, filed by counsel, alleges violation of federal rights pertaining to Petitioner's conviction on February 6, 2001, in the Circuit Court of the City of Hampton, Virginia, for second degree murder and robbery.  Petitioner was sentenced to serve forty (40) years on the murder charge and thirty (30) years on the robbery charge, for a total of seventy (70) years imprisonment.

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The report of the magistrate judge was filed on January 31, 2006, denying

Petitioner's motion for an evidentiary hearing and recommending dismissal of the petition.  By copy of the report, each party was advised of the right to file written objections to the findings and recommendations made by the magistrate judge.  On February 9, 2006, the Court received Petitioner's Objections to the Findings and Recommendations of the United States Magistrate Judge.  The Court received no response from Respondent.

Petitioner does not appear to contest the findings that the instant federal habeas petition was filed outside the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1).  Instead, Petitioner contends that the statute of limitations does not apply to his case because of his claims of "actual innocence."  Petitioner's reliance on <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), as support for that proposition is misplaced.  <u>Schlup</u> was a death penalty case involving a state habeas petitioner, whose claims were procedurally defaulted in state court, and who had filed a second federal habeas petition seeking to raise a claim of actual innocence to avoid the court's application of the procedural bar to consideration of the merits of his claims.  By contrast, this is not a death penalty case and this is Petitioner's first federal habeas petition.  Petitioner's state habeas claims were not procedurally defaulted, but were rejected on the merits by the state courts.  Moreover, the United States Supreme Court has never held that an "actual innocence" exception to the one-year statute

of limitations applies so as to excuse a petitioner's failure to timely file his federal habeas petition. See generally, Souter v. Jones, 395 F.3d 577, 589, 597 (6th Cir. 2005) (noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims); Bozman v. Kershaw Correctional Institution, 2006 WL 516734, *2 (D.S.C. Mar. 1, 2006) (adopting the reasoning of the Fifth and Eighth Circuits to require a showing of "reasonable diligence" to excuse the filing of a federal habeas petition outside the one-year limitations period).  Further, the Fourth Circuit Court of Appeals continues to apply the "extraordinary circumstances" test set forth in Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004), in which equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." 339 F.3d at 246.

In this case, Petitioner simply failed to file timely his petition for a writ of habeas corpus in this court.  The federal petition was due to be filed by October 27, 2004 (including the applicable tolling of the statute of limitations for the time period during which Petitioner's state habeas petition was pending), but the petition was not filed until 121 days later, on February 25, 2005.  Petitioner offers no reasons for the dilatory

filing of the federal petition, let alone any reasons that would satisfy any of the three elements set forth in Rouse, 339 F.3d at 246. See also, Harris v. Hutchinson, 209 F.3d 325, 328-29, 330-31 (4th Cir. 2000) (holding that while equitable tolling principles applied to statute of limitations cases, errors by the prisoner's collateral review attorney do not justify equitable tolling). "Under long-established principles, petitioner's lack of diligence [in pursuing his rights] precludes equity's operation." Pace v. DiGuglielmo, 544 U.S. ___, 125 S. Ct. 1807, 1815 and n.8 (2005) (citations omitted) (assuming without deciding that the statute of limitations can be equitably tolled and establishing a two-part test for equitable tolling in which the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way"). While Petitioner asserts that there is "new reliable evidence" to support his claim of "actual innocence," this assertion is not supported by the record. The instant federal petition is virtually identical to the state habeas petition filed some twenty months earlier, dismissed on the merits by the state court. There is simply nothing in the record to demonstrate extraordinary circumstances beyond Petitioner's control or external to his own conduct that would have prevented him from filing this federal petition on time. Accordingly, the Court FINDS that Petitioner is not entitled to equitable tolling of the one-

year statute of limitations and his federal petition is time-barred.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's Report and Recommendation, and having made de novo findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge, filed on January 31, 2006, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as the petition is time-barred and Petitioner is not entitled to equitable tolling of the statute of limitations. It is, therefore, ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to counsel of record for the parties.

                                         /s/
                            Rebecca Beach Smith

Norfolk, Virginia

March 14, 2006